UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON WADE SENA, SHARON JEANETTE SENA,<br><br>        Plaintiffs,<br><br>  v.<br><br>CITY OF MAYWOOD, a public entity, BRUCE LEFLAR, J. PERKINS, JERRY SALGADO, JOHN BOSTON, RYAN WEST, BRENT TALMO, MEDA and GARCIA and DOES 1 through 20, inclusive, each of whom is sued individually and in their official capacity as police officers for the City of Maywood,<br><br>        Defendants.<br>_____ | **Case No.: CV07-1724 AHM (JCx)**<br>*Assigned for All Purposes To:*<br>*Hon A. Howard Matz, Courtroom 14*<br><br>**PROTECTIVE ORDER**<br><br>**[CHANGES MADE BY COURT]**<br><br><br>**Complaint Filed:**    3/9/2007<br>**Trial:**    10/7/2008<br>**PTC:**    9/22/2008<br>**Mtn Cutoff:**    8/11/2008<br>**Disc Cutoff:**    6/23/2008<br>**Stlmt. Conf. Cutoff:**    7/14/2008 |

Upon the Parties' stipulation and good cause appearing therefore, IT IS HEREBY ORDERED as follows:

1. **PURPOSES AND LIMITATIONS**

Plaintiffs have requested the production of officer personnel files, reports of prior misconduct and other documents which the Defendants deem as confidential, including, but not limited to, such documents and information designated under Penal Code §§164e, 832.5, 832.7 and 1328.5, Vehicle Code §1808.4 and Article I, Section I of the California Constitution ("Protected Material"). Disclosure is likely to involve the production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses of discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principals to treatment as confidential.

2. **SCOPE**

The protections conferred by this Order cover the certain production orders by the United States Magistrate Judge Jacqueline Chooljian dated June 10, 2008 regarding the hearing on Plaintiffs' Motion to Compel Production of Documents. The production orders of June 10, 2008 provide in pertinent part as follows:

a) Copies of those portions of the notes regarding the incidents in issue and copies of those portions of the notebooks regarding the incidents in issue of each police officer, detective, investigator, or other Maywood Police Officer, including but not limited to the Internal Affairs Division, or any other law enforcement agency, who investigated the incidents in issue which reflect: (i) the officers' perceptions of the events; (ii) decisions as to whether a particular avenue of investigation would be pursued; and (iii) findings.

b) Copies of those portions, if any, of performance evaluations for the five years preceding the incidents in issue which reflect that the individual defendants (i) used excessive force; (ii) falsified a report; (iii) made an arrest without probable cause; (iv) engaged in a cover up; or (v) failed to follow any

        Maywood Police Department policy regarding the foregoing categories of conduct. Further, the dates of any such evaluation and the identity of the person making the evaluation.

c)   Copies of complaints against the individual defendants alleging that any such defendant unreasonably used force/lethal force, filed a false report, made an arrest without probable cause, or engaged in a cover up, if any, for the five years preceding the incidents in issue; and findings regarding such complaints.

d)   Copies of criminal or disciplinary charges against the individual defendants, if any, for the five years preceding the incidents in issue, alleging that any such defendant (i) used excessive force; (ii) falsified a report; (iii) made an arrest without probable cause; (iv) engaged in a cover up; or (v) failed to follow any Maywood Police Department policy regarding the foregoing categories of conduct. Further, findings regarding such charges, if any.

        Additionally, the protections conferred by this Order cover not only Protected Material, but also any information extracted therefrom, as well as all copies, excerpts, summaries or compilations thereof, plus testimony/statements by parties, witnesses or counsel to or in court or in other settings that might reveal Protected Material except in the context of a summary judgment motion or trial where such information will be presumptively available to all members of the public, including the press, unless sufficient cause is show in advance of the summary judgment proceedings or trial to proceed otherwise. See Judge Matz's Standing Order Re: Protective Orders and Treatment of Confidential Information, ¶ I.E; Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006); Foltz v. State Farm Mutual Automobile Ins. Co., 33 F.3d 1122 (9th Cir. 2003). Counsel shall not be required to produce the personal residential address, social security number, financial account number/records, medical information or other confidential financial or health records of any officer, or the names of family members or personal acquaintances contained in any documents which are produced.

### 3. DISCLOSURE OF CONFIDENTIAL INFORMATION

The party producing information which it considers to be "Confidential" shall so designate as such in a conspicuous manner at the time of the production. In particular, and by way of example, all documents designated as "Confidential" or "Confidential Information - Counsel Only" shall be stamped so indicating and with the further stamped designated "Confidential Subject to Protective Order" on each page. Such designation shall be positioned outside the margin of any and all text and shall not obstruct the document in any manner. Where practical, if only a portion of the document contains "Confidential" information, then only that portion of the document shall be designated as such. "Confidential" matters may be disclosed to the Court and its personnel and to the following "qualified persons" only:

(a) A party, or an officer, director or employee of a party deemed necessary by counsel to aid in the prosecution, defense or settlement of this action and only under the conditions set forth herein;

(b) Experts or consultants to any party (along with clerical or secretarial staff);

(c) Attorneys of record, including paralegals, clerks, legal assistants and support personnel;

(d) Court reporters employed in this action;

(e) A witness at any deposition or other proceeding in this action and/or counsel for such witness. Such a witness could only have access to the information if he or she is testifying regarding the matter which is confidential and only if the witness agrees to keep the matter confidential; and

(f) Any other person to whom the parties agree in writing or stipulate on the record.

///
///
///

### 4. COUNSEL-ONLY DESIGNATION OF CONFIDENTIAL INFORMATION

In connection with discovery proceedings in this action, the parties or any third party may designate any documents, thing, material or testimony or other information derived wherefrom as "Confidential Information – Counsel Only" under the terms of this Order. "Confidential Information – Counsel Only" includes confidential and/or proprietary information of a party or information otherwise confidential concerning a party to the extent that such information is not disseminated by the party or publicly available. The parties or any third party may designate material "Confidential Information – Counsel Only" in the same manner in which they would designate the material Confidential under this Order. "Confidential Information – Counsel Only" shall only be disclosed to or viewed by counsel for a party (along with paralegals, clerical or secretarial staff) but shall not be disclosed to the parties or their consultants or experts. "Confidential Information – Counsel Only" may also be disclosed to the Court and its personnel.

### 5. RESTRICTED USE OF CONFIDENTIAL INFORMATION

All materials designated "Confidential" shall only be used for the prosecution, defense, or settlement of this lawsuit. Within sixty (60) days after entry of dismissal or final judgment in this action including appeals, or termination of this case by way of satisfied settlement, counsel for the parties shall assemble and deliver to each other all "Confidential"/"Confidential Information - Counsel Only" material other than material in the possession of the Court and its personnel. In the event of third party confidential information, such documents shall be delivered to the counsel for the party asserting confidential designation. In the alternative, the producing party and receiving party may stipulate that all or some documents containing "Confidential Information" may be destroyed so long as an appropriate certification satisfactory to the producing party is provided.

///

**6.     CONTESTED DESIGNATION**

Any party may contest the designation of a document as "Confidential Information" or "Confidential Information – Counsel Only" or request that a document not otherwise covered by this order be considered confidential by applying to the Court or Court-appointed designee for a ruling. Any such proceedings shall be governed by Local Rule 37. The party requesting confidentiality shall have the burden of showing that such designation is appropriate. Counsel shall first undertake a good faith effort to resolve any such issue prior to submission to judicial intervention. An appropriate basis for seeking to have a document originally designated as "Confidential Information - Counsel Only" re-designated as "Confidential" by the Court, shall be the document or materials, or portions thereof, are necessary as evidence in the prosecution or defense of the action.

**7.     SUBPOENAS**

Any party seeking information or documents from a third party (not a party to this action) shall also serve a copy of this Order simultaneously with the subpoena. In the event any person or party having possession, custody or control of any Protected Material receives a subpoena or other discovery request to produce such information, such person or party shall promptly notify, in writing, the attorneys of records for the party claiming such confidential treatment of the document, information or item, shall furnish those attorneys of record with a copy of said subpoena or other discovery request and shall cooperate with respect to any procedure to protect such information or documents as may be sought for the party whose interests may be affected. Unless legally required otherwise -- if any party makes an objection, there shall be no disclosure of the subject matter objected to pursuant to the subpoena or process order until the Court or Court-appointed designee shall have ruled upon the resulting motion, if any, and then production shall be made only in accordance with the ruling so made. If no such motion is made after a reasonable opportunity to do so, the person or entity receiving the subpoena shall be entitled to comply with the subpoena.

Nothing in this Order relieves any person or party from any legal obligation to comply with a subpoena or court order.

### 8. REASONABLE STEPS

Each party shall take all reasonable steps necessary to have any third person/entity to whom it is contemplated that disclosure of information designated as "Confidential"/"Confidential Information – Counsel Only" will be made, acknowledge and agree to be bound by the terms of this Order. Each party reserves its right to seek appropriate relief from the Court if necessary to enforce full compliance with this Order. The procedures set forth in Local Rule 37 will govern any such proceedings.

### 9. COURT PROCEDURES

In the event that any "Confidential" documents or information is included with, or the contents thereof are disclosed in any discovery materials that are submitted as a basis for adjudication, such documents or information shall be submitted for filing under seal in accordance with Local Rule 79-5 and Judge Matz's Standing Order Re: Protective Orders and Treatment of Confidential Information. See Judge Matz's Standing Order Re: Protective Orders and Treatment of Confidential Information, ¶¶ I.D, I.E.

### 10. ORDER IS WITHOUT PREJUDICE

This Order shall be without prejudice to the right of the parties to bring before the Court at any time the question of whether any particular document or information is "Confidential" or "Confidential Information - Counsel Only" or whether its use should be restricted; or to present a motion to the Court for a separate protective order as to any particular documents or information, including restrictions differing from those as specified herein. Any motion shall be subject to the Court's ruling governing discovery and shall be brought in accordance with Local Rule 37.

///

///

**11.   NO ADMISSION OR WAIVER**

This Order is entered solely for the purpose of facilitating the exchange of documents and testimony of individuals without involving the Court unnecessarily in the process. Nothing in this Order, nor the production of any information or document(s) under the terms of this Order, nor any proceeding pursuant to this Order shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof. Nothing in this Order shall be deemed to alter in any way a party's right to object to any discovery requests on any other grounds.

**12.   RETRIEVAL OF INADVERTENTLY PRODUCED MATERIAL**

If a "Confidential" or "Confidential Information – Counsel Only" document is inadvertently produced without proper designation, the producing party may so advise the recipient in which event the recipient shall exert every reasonable effort to treat the document or information as though timely designated and shall cooperate in its retrieval.

**13.   FORM: AGREEMENT TO BE BOUND BY COURT ORDER**

The disclosure of "Confidential" material to any person (other than the Court and its personnel) shall be conditioned upon such person, before receiving any such material, signing the AGREEMENT TO BE BOUND BY COURT ORDER FORM incorporated into this Order by this reference. Counsel for each party shall retain the original signed form which they obtained from the person with whom they share confidential material.

**14.   PARTIES' OWN INFORMATION**

Nothing herein shall impose any restrictions on a party from disclosing its own "Confidential" information as it deems appropriate. The restrictions on the use of "Confidential" information established by this Order are applicable only to the use of material received from another party.

15. **AGREEMENT TO BE BOUND**

The parties agree to be bound by this stipulation even if this Order is later terminated by the Court without the consent of all parties.

**IT IS SO ORDERED.**

Dated: June 23, 2008          By:   /s/ Jacqueline Chooljian
                                    **United States Magistrate Judge**

# AGREEMENT TO BE BOUND BY COURT ORDER FORM

I, _____, (business address and telephone number ) _____ hereby acknowledge and certify that I have received a copy of the Protective Order in the matter of *Sena, et al. v. City of Maywood, et al.* I have read and understand the Protective Order. I agree to be bound by all the provisions of the Protective Order and to comply with its terms.

I understand and agree that any information which I receive pursuant to this Protective Order shall be used solely in connection with the prosecution or defense of this lawsuit or the lawsuit entitled *Sena, et al. v. City of Maywood, et al.* I shall not reveal any information received pursuant to this Protective Order to any person except in compliance with this Protective Order. I further understand and agree that all such "Confidential" information and copies of the same shall be returned upon demand to counsel for the party that produced the "Confidential" documents, and in no event no later than sixty (60) days after the termination of this proceeding.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on: _____, 20\_\_\_\_\_.

Location:   _____

Name:   _____

Signature:   _____